IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY VENABLE, #317-820,<br>　　　　Plaintiff | * |
| | * |
| 　　v. | CIVIL ACTION NO. PJM-06-458 |
| | * |
| BALTIMORE CITY DETENTION CENTER,<br>　et al.,<br>　　　　Defendants | * |

****** 

## **MEMORANDUM OPINION**

On February 22, 2006, Plaintiff filed a civil rights action pursuant to 42 U.S.C. §1983 against the Baltimore City Detention Center and Officer Wynn. Paper No. 1. Counsel for the Baltimore City Detention Center has filed a Motion to Dismiss. Paper No. 9 Plaintiff has responded. Paper No. 15. No hearing is needed to resolve the pending dispositive motion. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendant Baltimore City Detention Center's Motion to Dismiss shall be granted and counsel for Defendant shall be required to provide, under seal, the last known address of Officer Wynn.

### **1. Factual Background**

Plaintiff states that on August 27, 2003, while incarcerated at the Baltimore City Detention Center, he was assaulted by former correctional officer Wynn. Specifically, he states that Wynn struck Plaintiff in his mouth with a walkie talkie causing, him to lose consciousness, chipping his front two teeth, and splitting his lip. Paper No. 1.

### **2. Standard of review**

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U. S. 69, 73 (1989) *(citing Conley v. Gibson*, 355 U. S. 41, 45-46 (1957)). "While §1983 complaints that recite bare legal conclusions that are 'wholly devoid of facts' or that are not supported by

specific facts pleaded, may warrant dismissal, conclusory legal assertions that are supported by the pleaded facts - even if the factual assertions are equally consistent with a contrary conclusion - should survive a Rule 12(b)(6) motion to dismiss." *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989) (citations omitted). "In considering a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiffs, and its allegations taken as true." *Finlator v. Powers,* 902 F.2d 1158, 1160 (4th Cir. 1990) (*citing Jenkins v. McKeithen*, 395 U. S. 411 (1969)).

### 3. Analysis

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U. S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, Plaintiff's complaint against the Baltimore City Detention Center, an agency of the State of Maryland, is barred by the Eleventh Amendment.

### 4. Conclusion

Given the foregoing, Defendant's Motion to Dismiss is granted. In light of Plaintiff's status as a pro se incarcerated litigant and the colorable claim he has stated, this Court has an obligation to assist him in identifying the correct addresses of Defendant Wynn. *See Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1980); *see also Donald v. Cook County Sheriff's Dep't*, 95 F.3d 554-55 (7th Cir. 1996). Therefore, counsel for Defendant Baltimore City Detention Center is required to provide Officer Wynn's last known home or business addresses, solely for purposes of service of process. Given obvious confidentiality considerations, personal information regarding Officer

Wynn's home address shall immediately be placed under seal by the Clerk. A separate Order shall be entered in accordance with this Memorandum Opinion.

|  |  |
|---|---|
| August 21, 2006 | /s/<br>PETER J. MESSITTE<br>UNITED STATES DISTRICT JUDGE |